UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SUNBELT RENTALS, INC.,**         } | |
| **Plaintiff,**         } | |
| v.         } | |
| **AKM INDUSTRIES CORPORATION, and ANGELYN MARSHALL**         } | **Case No.: 5:20-cv-00699-MHH** |
| **Defendants.**         } | |

## MEMORANDUM OPINION AND ORDER

Sunbelt Rentals, Inc. has moved for default judgment against AKM Industries. (Doc. 14). Sunbelt sued AKM and Angelyn Marshall on May 19, 2020, to enforce the defendants' alleged contractual obligations to repay a line of credit through which AKM rented equipment from Sunbelt. (Doc. 1, pp. 2–4, ¶¶ 7–24). Ms. Marshall executed on AKM Industries' behalf a Sunbelt Application for Credit & Rental Agreement and executed in her individual capacity a guaranty as AKM Industries' guarantor. (Doc. 1, p. 2, ¶¶ 8, 10). The summonses notifying AKM and Ms. Marshall of the action against them both were returned executed on June 3, 2020. (Docs. 5, 6). On June 22, 2020, Ms. Marshall gave notice of a suggestion of

Chapter 7 bankruptcy, and the Court stayed this action as to Ms. Marshall.  (Docs. 7, 8).

On June 25, 2020, Sunbelt moved for entry of default against AKM Industries. (Doc. 9).  The Clerk made an entry of default against AKM Industries on June 29, 2020.  (Doc. 10).  Sunbelt has filed copies of the original contract, invoices to AKM Industries, and an affidavit describing the damages sought.  (Docs. 1–1, 1–2, 1–3, 13-1).  For the reasons below, the Court grants Sunbelt's motion and enters default judgment against AKM Industries.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, as in this case, the clerk of court may enter a clerk's default.  Fed. R. Civ. P. 55(a).  Second, after entry of the clerks' default, if the defendant is not an infant or incompetent person, a district court may enter a default judgment against the defendant because of the defendant's failure to appear or defend.  Fed. R. Civ. P. 55(b)(2).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

"A motion for default judgment is not granted as a matter of right."  *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted).  After a clerk enters a default under Rule 55(a), a district court

must review the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a sufficient basis exists in the pleadings for the relief sought. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). In addition to the pleadings, a district court may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

## II.  FACTUAL ALLEGATIONS

In January 2019, Sunbelt executed a "Sunbelt Application for Credit & Rental Agreement" with AKM Industries. (Doc. 1, p. 2, ¶ 8). Angelyn Marshall signed an agreement to act as guarantor for AKM Industries in the event of a default. (Doc. 1, p. 2, ¶ 10). Under the credit agreement, Sunbelt "established an open account through which AKM Industries could rent equipment from Sunbelt on credit." (Doc. 1, p. 3, ¶ 12). Throughout 2019, Sunbelt rented equipment to AKM Industries. (Doc. 1, p. 3, ¶ 14). AKM Industries did not fully pay Sunbelt for its rentals, and Ms.

Marshall did not fulfill her obligations under the guaranty. (Doc. 1, p. 3, ¶ 16; Doc. 1, p. 5).

## III. DISCUSSION

### a) Subject Matter Jurisdiction

Before a district court enters a default judgment, the court first must confirm that it has subject matter jurisdiction. *Smarter Every Day, LLC v. Nunez*, No. 15-1358, 2017 WL 1247500, at *2 (N.D. Ala. Apr. 5, 2017) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)). Sunbelt contends the Court has diversity jurisdiction to hear this case under 28 U.S.C. § 1332. (Doc. 1, p. 2, ¶ 4). In its complaint, Sunbelt claims AKM Industries owes unpaid principal of $65,252.13 and service charges of $13,680.47, totaling $78,932.60, exclusive of costs and interest. (Doc. 1, pp. 2-3, ¶¶ 19, 21). Based on this factual allegation, the Court is satisfied more than $75,000 is in controversy.

As to the requirement of complete diversity between the parties, Sunbelt alleges that AKM Industries is a corporation formed under the laws of the State of Alabama, with its principal place of business in Huntsville, Alabama. (Doc. 1, p. 1, ¶ 2). Sunbelt alleges that Ms. Marshall is "an adult resident citizen" of Alabama. (Doc. 1, p. 1, ¶ 3).[1] Sunbelt alleges that it is a corporation formed under the laws of

---

[1] For purposes of diversity jurisdiction, an individual is a citizen of the state in which she is domiciled; residence is not the test for individual citizenship. *Dyer v. Wal-Mart Stores, Inc.*, 535

4

North Carolina, and its principal place of business is in South Carolina.  (Doc. 1, p. 1, ¶ 1).  The Court is satisfied the parties are completely diverse, and the Court has subject matter jurisdiction over this case.

### b) Personal Jurisdiction

The Court also must determine whether it has personal jurisdiction over AKM Industries.  *Oldfield v. Pueblo Da Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).  Under Rule 4 of the Federal Rules of Civil Procedure, "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k)(1)(A).  Sunbelt alleges that AKM Industries is a corporation organized under the laws of the State of Alabama and that Sunbelt's principal place of business is in Huntsville, Alabama.  (Doc. 1, p. 1, ¶ 2).  Sunbelt served AKM Industries with process on June 1, 2020.  (Doc. 5, p. 2).  Accordingly, the Court has personal jurisdiction over AKM Industries.

---

Fed. Appx. 839, 841 n.2 (11th Cir. 2013) ("For an individual, the complaint must allege citizenship, rather than residence, to properly invoke diversity jurisdiction."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence.  Although physically present in the current residence, the person does not intend to remain in that state indefinitely."); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (equating an individual's citizenship with domicile for purposes of diversity jurisdiction).  For purposes of this order, the Court accepts Sunbelt's allegation that Ms. Marshall is a citizen of Alabama.  When, as directed below, Sunbelt submits its supplemental damages information, it should correct the Court's understanding of Ms. Marshall's citizenship if Ms. Marshall is not domiciled in Alabama.

### c) Liability for Breach of Contract

Sunbelt brings against AKM Industries one claim for breach of contract. (Doc. 1, p. 4, ¶¶ 25–28). According to Sunbelt, AKM breached its obligations under the parties' credit and rental agreement. Sunbelt attached to the complaint copies of the agreement and the unpaid invoices. (Docs. 1–1, 1–2). "A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992). "Alabama applies the traditional doctrines of *lex loci contractus* to contract claims . . . . Th[is] doctrine states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004) (internal quotations omitted). Here, the parties agreed "Sunbelt reserves the right to bring legal action in whatever jurisdiction Sunbelt deems necessary, whose laws, at the option of Sunbelt, shall govern this Agreement . . . ." (Doc. 1-1, p. 1). Sunbelt rented equipment to AKM Industries, an Alabama corporation, for jobs in Huntsville, Alabama. (Doc. 1-1). Sunbelt sued AKM Industries in Alabama federal court. And Sunbelt consistently cites Alabama law in its memorandum in support of its motion for entry of default judgment. (Doc. 14). For those reasons, the Court will apply Alabama law.

Under Alabama law, a breach of contract claim requires the plaintiff to plausibly demonstrate "[1] the existence of a valid contract binding the parties in the action, (2) [the plaintiff's] own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Poole v. Prince*, 61 So. 3d 258, 273 (Ala. 2010) (internal citations and quotation marks omitted). Sunbelt argues the copy of the original agreement attached to its complaint demonstrates the existence of a valid contract between it and AKM Industries. (Doc. 1, p. 4, ¶¶ 24–28). AKM Industries's name does not appear on the face of the contract, but Sunbelt alleges Angelyn Marshall "executed [the agreement] on AKM Industries' behalf . . . ." (Doc. 1, p. 2, ¶ 8). Combined with copies of invoices Sunbelt sent to AKM Industries, this allegation plausibly demonstrates the existence of a contract between Sunbelt and AKM Industries.

The alleged agreement between the parties obligates Sunbelt to provide to AKM Industries "an open [credit] account through which AKM Industries could rent equipment from Sunbelt on credit." (Doc. 1, p. 3, ¶ 12). Sunbelt rented equipment to AKM Industries, including a 99' Atrium Manlift, a 60' STR Manlift with Jib, a 77' Atrium Manlift, a 150 ART Manlift with Jib, and a 12k 55' HVAC Shooting Boom Forklift. (Doc. 1-2). This rental constituted Sunbelt's performance under the agreement. (Doc. 1, p. 4, ¶ 26) ("The approved Application, the Invoices, and the

7

Open Account Terms constituted a contract in which Sunbelt rented AKM Industries the equipment on an open account.").

Sunbelt also has plausibly demonstrated that AKM Industries failed to perform when it did not "fully pay[] Sunbelt for its rental of the Equipment." (Doc. 1, p. 4, ¶ 27). And AKM's non-performance damaged Sunbelt. (Doc. 1, p. 4, ¶ 28). Accordingly, Sunbelt is entitled to default judgment on its breach of contract claim.

### d) Damages

When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). An evidentiary hearing may be required to determine the amount of damages, but if the record is sufficient a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Although a defaulted defendant admits well-pleaded allegations of liability, "allegations relating to the amount of damages are not admitted by virtue of default." *PNCEF, LLC v. Hendricks Bldg. Supply, LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010).

To support the damages Sunbelt seeks, Yvette Miller, a member of Sunbelt's Corporate Credit & Collections Department, states in a declaration that the total unpaid principal amount is $65,252.13 and the total unpaid accrued service charges

through June 29, 2020 is $15,031.99.  (Doc. 13-1, p. 4, ¶¶ 15, 18).[2]  Additionally, Sunbelt seeks prejudgment interest, post-judgment interest, attorneys' fees, and other costs of collecting the debt.  (Doc. 14, pp. 7-10).  The credit and rental agreement provides AKM Industries will "pay all costs and expenses of collection, including but not limited to, reasonable attorney's fees, not exceeding a sum equal to fifteen percent [15%] of the outstanding balance owing, plus all other reasonable expenses incurred by Sunbelt . . . ."  (Doc. 1-1).  Sunbelt is entitled to recover these costs and attorney's fees, not to exceed 15 percent of the outstanding balance owed.

To ensure the Court may accurately assess the amount of damages which Sunbelt may recover because of AKM Industries's default, on or before September 1, 2020, counsel for Sunbelt shall submit updated documentation on the principal and accrued service charges Sunbelt claims under the credit and rental agreement, as well as documentation supporting the hours counsel worked on this case.

### IV.   CONCLUSION

For the foregoing reasons, the Court grants Sunbelt Rentals, Inc.'s motion for default judgment against AKM Industries Corporation.  (Doc. 13).  The Court will

---

[2] This amount exceeds the amount of unpaid accrued service charges that Sunbelt alleges in its complaint.  Ms. Miller explained that the accrued service charges through May 18, 2020 were $13,680.47, but the charges were continuing to accrue, and she provided in her declaration the accrued service charges through June 29, 2020. (Doc. 13-1, p. 4, ¶¶ 16-18).

enter a damages award after the Court reviews Sunbelt's updated damages documentation.

    **DONE** and **ORDERED** this August 17, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE